**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JOHN C. PONTE; AND GREENWICH BUSINESS CAPITAL, LLC, formerly known as PONTE INVESTMENTS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION; and INDEPENDENCE BANK,<br><br>    Defendants. | CIVIL NO. 1:23-cv-00018-MSM |

**FEDERAL DEPOSIT INSURANCE CORPORATION'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

FEDERAL DEPOSIT INSURANCE CORPORATION
Andrew Dober
Senior Counsel

Erik Bond
Counsel
3501 Fairfax Drive
Arlington, VA 22226-3500
Tel.: (703) 562-6477
Fax: (703) 562-2477
Email: erbond@fdic.gov

DATED: March 1, 2023

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

BACKGROUND ................................................................................................. 2

    A.  The FDIC .............................................................................................. 2

    B.  FDIC Enforcement Actions and Judicial Review Thereof ......................... 2

    C.  The Enforcement Action and Proceedings in this Court ........................... 5

MOTION TO DISMISS STANDARD ..................................................................... 6

ARGUMENT ..................................................................................................... 7

    I.   THIS COURT LACKS SUBJECT-MATTER JURISDICTION TO ISSUE
        THE RELIEF SOUGHT AGAINST THE FDIC ......................................... **7**

        A.   The Case Law Shows Section 1818(i)(1) Means What it Says ........................ 7

        B.   Section 1818(i) Bars the Remedies Sought in the Amended Complaint ......... 11

            1.  Judicial Declarations that Ponte is Not an IAP and is Separate
               from the Bank .................................................................. 12

            2.  The Injunction Barring the FDIC from Relying on or
               Introducing Ponte's Financial Records into Evidence ...................... 14

            3.  An Injunction Preventing the Publication of the NOC ...................... 15

    II.   THERE IS NO SUBJECT-MATTER JURISDICTION TO ISSUE
         FREE-STANDING DECLARATORY RELIEF AS TO PONTE'S IAP
         STATUS ................................................................................. 15

        A.   There is No Basis for the Declaratory Relief Under the APA .......................... 16

        B.   There is No Private Right of Action Under 12 U.S.C. § 1818 to Support
           the Declaratory Relief ............................................................. 16

    III.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE RIGHT TO
         FINANCIAL PRIVACY ACT ......................................................... 17

    IV.  THE BALANCE OF THE EQUITIES SUPPORTS DISMISSAL ...................... 20

CONCLUSION ................................................................................................. 21

i

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Abercrombie v. OCC,*
    833 F.2d 672 (7th Cir. 1987)........................................................... 10

*Adams v. Bd. of Governors,*
    659 F. Supp. 948 (D. Minn. 1987) ................................................. 18

*Adams v. Bd. of Governors,*
    855 F.2d 1336 (8th Cir. 1988)........................................................ 18

*Alexander v. Sandoval,*
    532 U.S. 275 (2001) ............................................................... 16, 17

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................. 2, 7, 19

*Bank of Louisiana v. FDIC,*
    919 F.3d 916 (5th Cir. 2019)........................................................... 9

*Bd. of Governors v. DLG Fin. Corp.,*
    29 F.3d 993 (5th Cir. 1994)......................................................... 9, 14

*Bd. of Governors v. MCorp Fin. Inc.,*
    502 U.S. 32 (1991) ............................................................... 7, 8, 9

*Bean LLC v. John Doe Bank,*
    291 F. Supp. 3d 34 (D.D.C. 2018) ............................................... 20

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ...................................................................... 7

*Berrios v. Department of Army,*
    884 F.2d 28 (1st Cir. 1989) ........................................................... 10

*Bonan v. FDIC,*
    23-cv-00008, 2023 WL 156852 (E.D. Mo. Jan. 11, 2023) ............ 8-9

*Bonano v. E. Caribbean Airline Corp.,*
    365 F.3d 81 (1st Cir. 2004) ........................................................... 17

*Burke v. Bd. of Governors of Fed. Reserve Sys.,*
    940 F.2d 1360 (10th Cir. 1991)..................................................... 18

*Cavallari v. OCC*,
  57 F.3d 137 (2d Cir. 1995) ........................................................................................ 14

*Doral Bank v. FDIC*,
  59 F. Supp. 3d 358 (D.P.R. 2014) ...................................................................... 8, 9, 10, 12

*Eastern Bridge, LLC v. Chao*,
  320 F.3d 84 (1st Cir. 2003) ................................................................................... 10, 11

*Elgin v. U.S. Department of Treasury*,
  641 F.3d 6 (1st Cir. 2011),
  *aff'd*, 567 U.S. 1 (2012)............................................................................................ 10

*FDIC v. Kansas Bankers Sur. Co.*,
  732 F. Supp. 103 (W.D. Okla. 1990) ........................................................................ 18

*First Nat'l Bank of Chicago v. Steinbrink*,
  812 F. Supp. 849 (N.D. Ill. 1993) ............................................................................ 10

*Flowers v. First Hawaiian Bank*,
  295 F. Supp. 2d 1130 (D. Haw. 2003) ...................................................................... 20

*Flowers v. U.S. Army, 25th Infantry Div.*,
  179 F. App'x 986 (9th Cir. 2006)............................................................................... 20

*Grant Thornton, LLP v. OCC*,
  514 F.3d 1328 (D.C. Cir. 2008) ............................................................................... 14

*Greenberg v. OCC*,
  938 F.2d 8 (2d Cir. 1991) .......................................................................................... 9

*Harris v. CitiMortgage, Inc.*,
  No. 3:13CV-783-JHM, 2014 WL 12788951 (W.D. Ky. May 13, 2014)................................ 10

*Henry v. OTS*,
  43 F.3d 507 (10th Cir. 1994)...................................................................................... 9

*Hindes v. FDIC*,
  137 F.3d 148 (3d Cir. 1998)....................................................................................... 9

*Hohman v. Eadie*,
  894 F.3d 776 (6th Cir. 2018)..................................................................................... 20

*Horvath v. FDIC*,
  20 F. Supp. 2d 844 (E.D. Pa. 1998) ......................................................................... 10

*Hugler v. Chimes D.C.,*
    No. CV RDB-15-3315, 2017 WL 1176031 (D. Md. Mar. 30, 2017).........................................19

*ICC v. Bhd. of Locomotive Eng'rs,*
    482 U.S. 270 (1987) ..........................................................................................................16

*Kelley v. FBI,*
    67 F. Supp. 3d 240 (D.D.C. 2014) ............................................................................19, 20

*Kokkonen v. Guardian Life Ins. Co.,*
    511 U.S. 375 (1994) ............................................................................................................6

*Kraft v. OCC,*
    4:20-CV-04111-RAL, 2021 WL 1251393 (D.S.D. Apr. 5, 2021) ...........................................10

*Labor Relations Div. v. Healey,*
    844 F.3d 318 (1st Cir. 2016) ................................................................................................16

*Lincoln House, Inc. v. Dupre,*
    903 F.2d 845 (1st Cir. 1990) ................................................................................................16

*Lujan v. Nat'l Wildlife Fed'n,*
    497 U.S. 871 (1990) ..........................................................................................................16

*Michael v. FDIC,*
    687 F.3d 337 (7th Cir. 2012)..................................................................................................4

*MMJ Int'l Holdings Corp. v. Garland,*
    No. 22-CV-00152-MSM, 2022 WL 16855213 (D.R.I. Nov. 10, 2022) .......................6, 11, 20

*Morin v. Leahy,*
    862 F.3d 123 (1st Cir. 2017) ................................................................................................16

*Narragansett Indian Tribe v. Rhode Island Dep't of Transp.,*
    903 F.3d 26 (1st Cir. 2018) ..................................................................................................17

*O'Brien v. DiGrazia,*
    544 F.2d 543 (1st Cir. 1976) ................................................................................................17

*Paul v. Davis,*
    424 U.S. 693 (1976) ..........................................................................................................17

*Puerto Rican Ass'n of Phys. Medicine & Rehab., Inc. v. United States,*
    521 F.3d 46 (1st Cir. 2008) ..................................................................................................11

*Rhode Island Hospital v. Califano,*
   585 F.2d 1153 (1st Cir. 1978) ................................................................. 10

*Sinclair v. Hawke,*
   314 F.3d 93 (8th Cir. 2003) .................................................................... 9

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) .................................................................................. 6

*United States v. Davis,*
   953 F.2d 1482 (10th Cir. 1992) .............................................................. 18

**Statutes**

5 U.S.C. §§ 701-706 ....................................................................................... 3

5 U.S.C. § 704 ............................................................................................... 16

5 U.S.C. § 705 ................................................................................................. 4

5 U.S.C. § 706(2) ............................................................................................ 4

5 U.S.C. § 706(2)(C) ..................................................................................... 14

12 U.S.C. § 1811 ............................................................................................. 2

12 U.S.C. § 1813(u)(3) ....................................................................... 3, 12, 14

12 U.S.C. § 1813(u)(4) ....................................................................... 3, 12, 14

12 U.S.C. § 1817 ............................................................................................. 2

12 U.S.C. § 1817(a) ........................................................................................ 2

12 U.S.C. § 1818 .............................................................................. 2, 7, 16, 17

12 U.S.C. § 1818(a)(8)(D) .......................................................................... 4, 8

12 U.S.C. § 1818(b) ........................................................................................ 3

12 U.S.C. § 1818(b)(1) ................................................................................... 3

12 U.S.C. § 1818(c) ........................................................................................ 3

12 U.S.C. § 1818(c)(2) ................................................................................ 4, 8

12 U.S.C. § 1818(e) ........................................................................................ 3

12 U.S.C. § 1818(f) ..................................................................................... 4, 8

12 U.S.C. § 1818(h) ........................................................................................ 4

12 U.S.C. § 1818(h)(1) ................................................................................. 10

12 U.S.C. § 1818(h)(2) .................................................................... 4, 8, 10, 20

12 U.S.C. § 1818(i) ............................................................................................... *passim*

12 U.S.C. § 1818(i)(1) .......................................................................................... *passim*

12 U.S.C. § 1818(i)(2) ................................................................................................... 3

12 U.S.C. § 1819 ........................................................................................................... 2

12 U.S.C. § 1820(b) ...................................................................................................... 2

12 U.S.C. § 1820(d) ...................................................................................................... 2

12 U.S.C. § 3401(4) ...................................................................................................... 20

12 U.S.C. § 3401(5) ...................................................................................................... 20

12 U.S.C. § 3401(7) ........................................................................................... 2, 18, 19

12 U.S.C. § 3402 ...................................................................................................... 1, 20

12 U.S.C. § 3413(b) ........................................................................................... 2, 18, 19

12 U.S.C. § 3417(a)(3) .................................................................................................. 19

Financial Institutions Reform, Recovery, and Enforcement Act of 1989,
    Pub. L. No. 101-73, 103 Stat. 183 .......................................................................... 2

Financial Institutions Supervisory Act of 1966 ("FISA"),
    Pub. L. No. 89-695, 80 Stat. 1028 .......................................................................... 7

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 6

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 7

**Regulations**

12 C.F.R. Part 308 ......................................................................................................... 3

12 C.F.R. § 308.5 ........................................................................................................... 3

12 C.F.R. § 308.17 ......................................................................................................... 4

12 C.F.R. § 308.19(a) .................................................................................................... 5

12 C.F.R. § 308.38 ......................................................................................................... 3

12 C.F.R. § 308.39 ......................................................................................................... 3

12 C.F.R. § 308.40 ......................................................................................................... 4

12 C.F.R. § 308.41 ......................................................................................................... 4

Defendant, the Federal Deposit Insurance Corporation ("FDIC"), respectfully submits this motion to dismiss the amended complaint filed by Plaintiff John C. Ponte ("Ponte") and Plaintiff Greenwich Business Capital, LLC (formerly known as Ponte Investments, LLC) (collectively, "Plaintiffs") for lack of subject-matter jurisdiction and failure to state a claim.

## INTRODUCTION

Congress divested district courts of subject-matter jurisdiction to "affect by injunction or otherwise the issuance or enforcement of any [FDIC enforcement] notice or order . . . or to review, modify, suspend, terminate, or set aside any such notice or order."  12 U.S.C. § 1818(i)(1).  In this action, Plaintiffs seek declarations that they are not "Institution Affiliated Parties" ("IAPs") subject to regulatory jurisdiction, declarations that Plaintiffs are separate from defendant Independence Bank (the "Bank"), an injunction precluding the use of Plaintiffs' financial records in the regulatory proceeding, and an injunction keeping the Notice of Charges secret.  In other words, the whole point of this case is to interfere with the administrative proceeding.  Because this Court lacks authority to "affect by injunction or otherwise" the FDIC's enforcement case, the case should be dismissed for lack of subject-matter jurisdiction.  Section 1818(i)(1) precludes *all* of the relief sought here.

Even apart from Section 1818(i)(1), the counts in the complaint are not actionable.  The Amended Complaint has two declaratory judgment counts—the first seeks relief based on the argument that Plaintiffs are not IAPs subject to agency jurisdiction, the second addresses the FDIC's alleged violation of the Right to Financial Privacy Act ("RFPA") in obtaining certain of Plaintiffs' financial records.  12 U.S.C. § 3402.

This Court lacks subject-matter jurisdiction to adjudicate Count I—which seeks to use the declaratory judgment statute to construe Section 1818.  There is no final agency action here to

review, and no other colorable basis to proceed under the Administrative Procedure Act

("APA").  And there is no private right of action—either express or implied—in Section 1818

that would allow that statute to be used in conjunction with the Declaratory Judgment Act to bind

the agency.

Count II does not state a claim under the RFPA.  The RFPA does not apply where the

FDIC obtains documents in its capacity as a "supervisory agency."  12 U.S.C. § 3413(b); 12

U.S.C. § 3401(7).  Plaintiffs allege the FDIC accessed the financial records here in the course of

the FDIC's examination and/or investigation of the Bank, i.e., in its capacity as a "supervisory

agency."  ECF 30 ¶ 37.  Count II should be dismissed for failure to state a claim.  *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).

## BACKGROUND

### A.    The FDIC

Congress established the FDIC in 1933, in response to an epidemic of bank closures,

seeking to restore confidence in the nation's banking system by creating a system of deposit

insurance.  *See* 12 U.S.C. §§ 1811, 1819.  Subsequent legislation expanded the FDIC's role in

regulating and stabilizing banks.  *See, e.g.*, Financial Institutions Reform, Recovery, and

Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183.  The FDIC serves as, among other

things, a regulator for certain state-chartered banks, including Independence Bank in East

Greenwich, Rhode Island.  *See* 12 U.S.C. §§ 1817(a), 1819, 1820(b).  In that capacity, the FDIC

assesses the financial condition and operations of its regulated banks, conducting examinations

and preparing examination reports.  *See* 12 U.S.C. §§ 1817, 1820(b), (d).

### B.    FDIC Enforcement Actions and Judicial Review Thereof

The FDIC, under Section 8 of the Federal Deposit Insurance Act ("FDI Act"), can bring

enforcement actions—commonly referred to as "Section 8 proceedings"—against institutions and

affiliated parties[1] that engage in unsafe and unsound practices or that violate banking laws or regulations. *See, e.g.*, 12 U.S.C. § 1818(b) (cease-and-desist proceedings); § 1818(c) (temporary cease-and-desist orders); § 1818(e) (removal and prohibition authority); and § 1818(i)(2) (civil money penalties) ("CMPs"). If it becomes necessary to initiate a Section 8 proceeding, the FDIC issues a Notice of Charges setting out the facts that constitute the alleged violation or unsafe or unsound practice. *See id*. § 1818(b)(1). The case is then assigned to an Administrative Law Judge ("ALJ") who conducts the proceedings in accordance with the APA, 5 U.S.C. §§ 701-706, and the FDIC's Rules of Practice and Procedure, 12 C.F.R. Part 308. Under the FDIC's Rules, the ALJ has all powers necessary to conduct a proceeding in accordance with the provisions of the APA. This includes handling scheduling, issuing subpoenas, overseeing discovery, ruling on certain procedural matters, and receiving documentary and testimonial evidence and ruling on its admissibility. 12 C.F.R. § 308.5.

Within 45 days after the expiration of time allowed for the filing of post-hearing submissions, the ALJ must issue a recommended decision and file with the FDIC's Administrative Officer the complete administrative record of the proceeding including recommended findings of fact, recommended conclusions of law, and a proposed order. *See* 12 C.F.R. § 308.38. The parties may file exceptions to the ALJ's recommended decision within 30 days of its issuance. 12 C.F.R. § 308.39. After the deadline passes for filing exceptions and the record is complete, the case is transmitted to the FDIC Board for a final decision within 90 days.

---

[1] 12 U.S.C. § 1813(u)(4) defines an "institution-affiliated party" as "any independent contractor (including any attorney, appraiser, or accountant) who knowingly or recklessly participates in (A) any violation of any law or regulation; (B) any breach of fiduciary duty; or (C) any unsafe or unsound practice, which caused or is likely to cause more than a minimal financial loss to, or a significant adverse effect on, the insured depository institution." Further, 12 U.S.C. § 1813(u)(3) includes anyone, regardless of their official status with an insured depository institution, who "participates in the conduct of the affairs of an insured depository institution."

*See* 12 C.F.R. § 308.40.

Once the Board issues its final decision, the respondent may, within 30 days, appeal the Board's final decision to either the D.C. Circuit or to the circuit where the bank's home office is located, here the First Circuit. *See* 12 U.S.C. § 1818(h)(2). A collateral attack does not give rise to a stay, *see* 12 C.F.R. § 308.17, but the FDIC Board may elect to stay any order it issues pending judicial review. *See* 12 C.F.R. § 308.41. The court of appeals reviews the Board's final decision under the APA. *See* 12 U.S.C. § 1818(h)(2); *accord Michael v. FDIC*, 687 F.3d 337, 348 (7th Cir. 2012). The APA confers on the "reviewing court" the power to set aside agency action on a number of grounds, including as arbitrary or capricious, contrary to the Constitution or in excess of statutory authority. 5 U.S.C. § 706(2). The reviewing court may stay the effective date of agency action pending its review. *See* 5 U.S.C. § 705. Importantly, the appeal procedure set forth in section 1818(h) is the *sole* avenue for reviewing FDIC enforcement decisions.

In addition to providing for review of agency enforcement decisions in the courts of appeals, Congress carefully crafted jurisdictional provisions granting district courts authority both to enforce agency notices or orders (12 U.S.C. § 1818(i)(1)) and enjoin or stay specified temporary or interim agency remedial actions (§ 1818(a)(8)(D)), suspension of deposit insurance (§ 1818(c)(2)), temporary cease-and-desist orders (§ 1818(f)), suspension or prohibition of institution-affiliated parties pending completion of administrative proceedings. Aside from those specific circumstances, however, Congress prohibited district courts from interfering with agency enforcement proceedings:

> The appropriate Federal banking agency may in its discretion apply to the United States district court, or the United States court of any territory, within the jurisdiction of which the home office of the depository institution is located, for the enforcement of any effective and outstanding notice or order issued under this

section or under section 1831*o* or 1831p-1 of this title, and such courts shall have jurisdiction and power to order and require compliance herewith; but except as otherwise provided in this section or under section 1831o or 1831p-1 of this title *no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order.*

12 U.S.C. § 1818(i)(1) (emphasis added).

### C.    The Enforcement Action and Proceedings in this Court

Plaintiff John Ponte is the sole owner, managing member, and President of Ponte Investments, LLC (now plaintiff Greenwich Business Capital, LLC ("Greenwich")).  ECF 30 ¶¶ 1-2.  The FDIC's Notice of Charges ("NOC") filed February 13, 2023, alleges that Ponte engaged in a pattern of misconduct from June 2017 through 2019, in connection with Ponte's loan referral agreement with Independence Bank ("IB" or "Bank").  NOC at 2.  Specifically, the NOC alleges Ponte improperly referred high-risk loan applicants to the Bank for Small Business Administration ("SBA") loans that were 85% guaranteed by the SBA.  The NOC alleges that Ponte profited from the referrals by charging improper and excessive fees and extending undisclosed bridge loans to the high-risk applicants that he arranged to be paid off when the Bank approved the applicant's SBA loan.  Approximately 44% of the 201 SBA Loans Ponte referred to the Bank containing undisclosed bridge loans defaulted, costing $1.6 million in Bank charge-offs and $8.8 million in losses to the SBA.  *Id.* at 10-11.  The NOC seeks $74,000 in civil money penalties, $326,000 in restitution (or more to be proven at hearing), and a prohibition from further participation in the banking industry.  *Id.* at 48.  Under the FDIC's Rules of Practice and Procedure, Ponte has the opportunity to file an answer and request a hearing.  12 C.F.R. § 308.19(a).  If he does so, discovery and motions practice overseen by the ALJ ensues.

On January 12, 2023, Plaintiffs commenced this action, and included with their complaint a motion to quash the agency's administrative subpoena seeking his testimony.  ECF 1, 3.  After

- 5 -

the NOC was filed on February 13, 2023, the FDIC withdrew the administrative subpoena,

mooting Plaintiffs' motion to quash, and leaving only the complaint.  Following a February 16,

2023 In Chambers Conference, Plaintiffs filed a motion to amend their complaint on February

22, 2023.  ECF 24.  The Court entered Plaintiffs' amended complaint on February 28, 2023.

ECF 30.   Plaintiffs' amended complaint drops the plea for an injunction seeking to bar the

issuance of the NOC, and instead swaps in a request for an injunction prohibiting the FDIC's

publication of the NOC.  ECF 30.  As with the original complaint, the amended complaint

continues to seek declarations that Plaintiffs are not IAPs subject to the FDIC's jurisdiction,

along with injunctions prohibiting the agency from using his financial records in the

administrative enforcement proceeding.  *Id.*

On February 23, 2023, Plaintiffs sought a temporary restraining order ("TRO") seeking

an injunction prohibiting the FDIC from publishing the NOC.  ECF 26.  The FDIC filed its

opposition to the TRO application on February 24, 2023.  ECF 28.

## MOTION TO DISMISS STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co*.,

511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction

. . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id*.

(internal citations omitted).  Plaintiffs bear the burden of establishing this Court's subject matter

jurisdiction over their claims.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04

(1998).  A complaint must be dismissed under Rule 12(b)(1) where a plaintiff fails to meet this

burden.  *See* Fed. R. Civ. P. 12(b)(1);  *MMJ Int'l Holdings Corp. v. Garland*, No. 22-CV-00152-

MSM, 2022 WL 16855213, at *1 (D.R.I. Nov. 10, 2022) (dismissing case under Rule 12(b)(1)

due to exclusive jurisdiction in the court of appeals).  Further, the complaint must "contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To

survive a Rule 12(b)(6) motion, a complaint must have "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555;

*see* Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

I.   **THIS COURT LACKS SUBJECT-MATTER JURISDICTION TO ISSUE THE
     RELIEF SOUGHT AGAINST THE FDIC.**

"[N]o court [has] jurisdiction to affect by injunction or otherwise the issuance" of

enforcement orders or to "review" or "modify" the same.  12 U.S.C. § 1818(i)(1).  Section

1818(i) divests this Court of authority to issue relief interfering with the FDIC proceeding.  All

of the remedies Plaintiffs seek are targeted towards interference with the enforcement

proceeding.  As such, there is no subject-matter jurisdiction, and dismissal under Rule 12(b)(1) is

appropriate.

### A.   **The Case Law Shows Section 1818(i)(1) Means What it Says.**

The Financial Institutions Supervisory Act of 1966 ("FISA"), Pub. L. No. 89-695, 80

Stat. 1028, 12 U.S.C. § 1818, established a "tripartite regime of judicial review" for FDIC

enforcement actions.  *See Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin. Inc.*, 502 U.S. 32,

38 (1991) (discussing 12 U.S.C. § 1818).  Under this framework, federal courts have subject-

matter jurisdiction to review or affect FDIC enforcement actions in only three circumstances.

First, the statute permits the FDIC and other federal banking agencies to petition district courts

for "the enforcement of any effective and outstanding notice or order issued [to an insured

bank]" under Section 8 proceedings.  12 U.S.C. § 1818(i)(1).  Second, district courts have

jurisdiction to review challenges by bank directors and institution-affiliated parties to the FDIC's

temporary suspension of deposit insurance, an agency's issuance of an emergency temporary

cease and desist order, or a temporary suspension of an institution-affiliated party while a

proceeding is pending.  12 U.S.C. § 1818(a)(8)(D), (c)(2), (f).  Third, the United States Courts of

Appeals are vested with exclusive jurisdiction to review final agency orders issued in Section 8

proceedings.  *See id.* § 1818(h)(2).

Outside these specifically delineated circumstances, federal courts lack subject-matter

jurisdiction to interfere with FDIC enforcement proceedings.  This is not merely implicit from

the structure of section 1818.  Rather, in language that the Supreme Court described as "plain"

and "preclusive," *MCorp*, 502 U.S. at 39, section 1818(i)(1) provides that (with exceptions not

relevant here) "no court shall have jurisdiction to affect by injunction or otherwise the issuance

or enforcement of *any* notice or order under [section 1818], or to review, modify, suspend,

terminate, or set aside any such notice or order."  12 U.S.C. § 1818(i)(1) (emphasis added).  In

*MCorp*, a bank holding company petitioned a district court for an injunction barring the Board of

Governors of the Federal Reserve System from continuing to pursue an administrative

enforcement action against the company.  *See* 502 U.S. at 36.  Citing section 1818(i)(1), the

Supreme Court explained that "the statute provides us with clear and convincing evidence that

Congress intended to deny the District Court jurisdiction to review and enjoin the [Federal

Reserve] Board's ongoing administrative proceedings."  502 U.S. at 44; *see also Doral Bank v.

FDIC*, 59 F. Supp. 3d 358, 366 (D.P.R. 2014) (following *MCorp* and holding that "Congress

spoke clearly and directly in Section 1818(i)(1)") (internal citation omitted).

Many other federal courts have held that Section 1818(i)(1) means what it says—one as

recently as January 2023.  In *Bonan v. FDIC*, 23-cv-00008, 2023 WL 156852 (E.D. Mo. Jan. 11,

2023), Bonan sought declaratory and injunctive relief from a FDIC enforcement action on the

eve of the administrative hearing.  The *Bonan* court dismissed the case for lack of subject matter jurisdiction, holding that "12 U.S.C. § 1818(i)(1) *explicitly* divests this Court of jurisdiction to grant the injunctive and declaratory relief sought" and "clearly and directly demonstrates a congressional intent to preclude review." *Id.* at *4 (citing *MCorp*, 502 U.S. at 44) (emphasis added) (internal cites omitted).

The *Bonan* court's finding that 12 U.S.C. § 1818(i)(1) explicitly precludes review is hardly unique.  In *Doral Bank*, for instance, another court in this circuit dismissed a declaratory judgment action for lack of jurisdiction, holding that "the statute's clear circumscription of jurisdiction would be seriously undermined, if not rendered wholly ineffectual, were it read not to apply to this action; an action having exactly the consequence the statute was meant to prohibit." 59 F. Supp. 3d at 366. *See also Bank of Louisiana v. FDIC*, 919 F.3d 916, 924 (5th Cir. 2019) ("[I]f the general section 1818 scheme were not enough to show Congress' preclusive intent, the jurisdictional bar in section 1818(i)(1) ices the cake."); *Sinclair v. Hawke*, 314 F.3d 934, 941 (8th Cir. 2003) (noting that "courts have no jurisdiction to enjoin enforcement actions"); *Hindes v. FDIC*, 137 F.3d 148, 165 (3d Cir. 1998) ("[S]ection 1818(i)(1) precludes the declaratory and injunctive relief sought here."); *Henry v. OTS*, 43 F.3d 507, 512 (10th Cir. 1994) ("§ 1818(i)(1) precludes judicial review of OTS enforcement orders except under specifically enumerated circumstances."); *Bd. of Governors v. DLG Fin. Corp.*, 29 F.3d 993, 999 (5th Cir. 1994) ("§ 1818(i)(1) divested the district court of jurisdiction to enjoin the commencement of the Board's administrative enforcement."); *Greenberg v. OCC*, 938 F.2d 8, 11-12 (2d Cir. 1991) ("[T]he circumstances of the instant case require adherence to the normal requirement of exhaustion of administrative procedures.  That is the obvious purport of section 1818(i)(1)."); *Abercrombie v. OCC*, 833 F.2d 672, 675 (7th Cir. 1987) ("According to § 1818's plain language,

the district court simply had no jurisdiction to enjoin the administrative proceedings.").[2]

Furthermore, the First Circuit has often found jurisdiction withdrawn from the district courts without any such express language. In *Elgin v. U.S. Department of Treasury*, 641 F.3d 6 (1st Cir. 2011), *aff'd*, 567 U.S. 1 (2012), for example, the court found that the Civil Service Reform Act of 1978 ("CSRA") channels labor disputes to the Federal Circuit through the Merit Systems Protection Board ("MSPB"), though the CSRA does not expressly state that its review provision encompasses constitutional claims (and, indeed, the CSRA does not even explicitly foreclose district court review). *Id.* at 11-13. Similarly, in *Berrios v. Department of Army*, 884 F.2d 28, 29-33 (1st Cir. 1989), the court upheld dismissal of an original action in district court raising constitutional claims, finding Plaintiff had to follow the CSRA scheme through the MSPB into the Federal Circuit. Meanwhile, in *Eastern Bridge, LLC v. Chao*, 320 F.3d 84, 88, 91-92 (1st Cir. 2003), the court affirmed that the Occupational Safety and Health Act, although not explicit, channeled Plaintiffs' claims through the administrative review process already in motion. In *Rhode Island Hospital v. Califano*, 585 F.2d 1153 (1st Cir. 1978), the First Circuit affirmed that the district court lacked jurisdiction where the Medicare Act's exclusive review

---

[2] *See also Kraft v. OCC*, No. 4:20-CV-04111-RAL, 2021 WL 1251393, at *5 (D.S.D. Apr. 5, 2021) (under § 1818(i)(1), "[w]hen the OCC issues [a consent] order, courts do not have jurisdiction over that order except in very limited circumstances, none of which are applicable here"); *Doral Bank*, 59 F. Supp. 3d at 366 ("The jurisdictional limitation [1818(i)] seeks to prevent regulated entities from interfering with the federal enforcement process."); *Harris v. CitiMortgage, Inc.*, No. 3:13-CV-783-JHM, 2014 WL 12788951, at *2 (W.D. Ky. May 13, 2014) (agreeing that "the Court does not have jurisdiction over Plaintiff's cause of action because Congress has expressly prohibited direct judicial review of orders issued under § 1818"); *Horvath v. FDIC*, 20 F. Supp. 2d 844, 849 (E.D. Pa. 1998) ("Inasmuch as the statute clearly provides that exclusive jurisdiction for review of the FDIC's decision rests with the Court of Appeals, we find plaintiff's request for injunctive relief to be in direct contravention of both 12 U.S.C. § 1818(h)(1), (2) and § 1818(i)."); *First Nat'l Bank of Chicago v. Steinbrink*, 812 F. Supp. 849, 852 (N.D. Ill. 1993) ("[T]he clarity of the congressional preclusion of review in § 1818(i)(1), coupled with the meaningful and adequate opportunity for judicial review by the court of appeals following a final administrative order, provides clear and convincing evidence that Congress intended to deny the District Court jurisdiction to review and enjoin the ongoing administrative proceedings.") (citations omitted).

provision required an administrative process and determination.  *See also Puerto Rican Ass'n of Phys. Medicine & Rehab., Inc. v. United States*, 521 F.3d 46 (1st Cir. 2008) (requiring plaintiffs to proceed through special review channel created by Medicare statute).

This Court very recently recognized as much in a similar setting.  Four months ago, the Court concluded it lacked subject matter jurisdiction over a federal drug regulatory challenge, where the statute vested exclusive jurisdiction in the Court of Appeals.  *MMJ Int'l Holdings Corp. v. Garland*, No. 22-CV-00152-MSM, 2022 WL 16855213, at *2 (D.R.I. Nov. 10, 2022) (the existence of a remedy in the courts of appeals "is sufficient reason to dismiss . . . claims for lack of subject matter jurisdiction").  Just as the existence of "adequate alternative remedies" barred this Court from acting in *MMJ*, the availability of a provision by which claims can be "meaningfully addressed in the Court of Appeals" precludes a plaintiff from ignoring an exclusive review mechanism, even when there is no explicit jurisdictional bar. *Eastern Bridge*, 320 F.3d at 91.  *A fortiori*, where Congress *did* expressly bar district courts from acting, there is no question that the bar must be applied.

**B.      Section 1818(i) Bars the Remedies Sought in the Amended Complaint.**

The amended complaint asks this Court to:  (1) declare that Plaintiffs are not IAPs subject to the FDIC's jurisdiction and are otherwise separate from the Bank, (2) enjoin the agency from using Plaintiffs' financial records in the administrative enforcement proceeding, and (3) enjoin the agency from publishing the NOC.[3]  ECF 30 at 13-16, 18-19.  In other words, all of the requested relief is aimed at interfering with the agency's enforcement proceeding.  *See Doral*, 59

---

[3] While the original complaint sought to bar FDIC from bringing the NOC altogether, the amended complaint instead seeks a prior restraint enjoining publication of the NOC.  ECF 1 at 10-12; ECF 30 at 13-16, 18-19.  As explained in the FDIC's opposition to Plaintiffs' motion for a temporary restraining order, however, such a restraint is equally barred by section 1818(i)(1). ECF 28.  The amendment does nothing to correct the jurisdictional defect that plagues this entire proceeding.

F. Supp. 3d at 366 (refusing plaintiff's request for declaratory and injunctive relief because it would interfere with 1818(i)'s "blanket prohibition" and "clear circumscription of jurisdiction").

> 1.   Judicial Declarations that Ponte is Not an IAP and is Separate from the Bank

The declaratory judgments Plaintiffs seek—that they are not IAPs and are otherwise separate from the Bank—would clearly "affect" the ongoing enforcement proceeding.  ECF 30 at 13-16, 18-19.  Presumably they would use any such declaratory ruling to argue that the NOC should be dismissed and that the FDIC is acting outside of its statutory authority in bringing an action against them.  Congress specifically barred the use of district courts for this purpose.  12 U.S.C. § 1818(i)(1).  Plaintiffs claim, citing no authority, that 1818(i)'s restrictions simply do not apply because they are not IAPs.  ECF 25 at 4.  They are incorrect for several reasons.

First, Ponte's conduct as Independence Bank's single largest SBA loan originator, with around $239 million in loan proceeds referred, shows that there is a rational basis to issue the NOC commencing a Section 8 proceeding.   Section 1813(u)(3) defines IAP to include any person "who participates in the conduct of the affairs" of a bank.  Section 1813(u)(4) also includes within the definition of IAP "any independent contractor" who knowingly or recklessly participates in any violation of law or regulation or unsafe or unsound practice "likely to cause more than a minimal financial loss to, or a significant adverse effect on," a bank.  Ponte is alleged to have "participat[ed] in the conduct of the affairs" of the Bank by serving as its largest SBA loan referral agent from 2017 to 2019, referring over 75% of the Bank's SBA loans. 12 U.S.C. § 1813(u)(3).  The NOC alleges that Ponte and Ponte Investments referred approximately 1,700 SBA 7a Loan for the Bank, with around $239 million in total loan proceeds.  Ponte is alleged to have initiated and documented many of these loans improperly and contrary to law and regulation, resulting in high rates of default and significant losses to the Bank and the SBA.

The NOC further alleges that Ponte was in a position to materially influence the activities of the Bank, and that he played a role in directing the conduct of the Bank's affairs.  Alternatively, the agency could reasonably allege that Ponte acted as an "independent contractor" who knowingly or recklessly violated law or regulations (or engaged in unsafe or unsound practices).  Against this backdrop, there is a rational basis for the agency's issuance of a NOC directed at Ponte as an IAP.

Second, contrary to Plaintiffs' arguments, ECF 25 at 3, the FDIC is not required to "prove" to a court "that it has jurisdiction over [Plaintiffs]" before pursuing an enforcement action.   To the contrary, Congress made clear that "no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order . . . or to review, modify, suspend, terminate, or set aside any such notice or order."  12 U.S.C. § 1818(i)(1).  If Congress had intended Section 1818(i)'s jurisdictional bar to apply only once someone first received a threshold Article III ruling as to IAP status, it would have said so.  Instead, Congress did the opposite.  Section 1818(i)'s jurisdictional bar applies to all district courts, prohibiting any action "affect[ing]" an enforcement proceeding.  Clearly, a judicial declaration from this Court that Plaintiffs are or are not IAPs (or are separate from the Bank) would affect the FDIC's administrative proceeding.

Third, Plaintiffs incorrectly suggest that there is no case law supporting agency jurisdiction over anyone who is not a bank director, officer, employee or shareholder.  The IAP statute explicitly covers "independent contractors" and other outside parties who "participate in the conduct of the affairs" of a bank, and is not limited to bank employees, officers, directors or shareholders.  12 U.S.C. § 1813(u)(3), (4).  There is actually a body of case law addressing this issue, arising in the review of final agency decisions.  *Compare Cavallari v. OCC*, 57 F.3d 137,

142 (2d Cir. 1995) (affirming agency final determination, rejecting outside attorney's argument that he was not an IAP) *with Grant Thornton, LLP v. OCC*, 514 F.3d 1328 (D.C. Cir. 2008) (finding record evidence did not show outside accounting firm met criteria for IAP).  That case law analyzes the IAP question by asking whether the agency was acting outside its statutory authority, a question that can be raised on review of final agency action.  5 U.S.C. § 706(2)(C) (court reviewing final agency action can set aside agency action found to be in excess of statutory authority).  The question cannot, however, be raised as an effort to short-circuit a banking agency enforcement proceeding.  That was the very issue before the Supreme Court in *MCorp*—the Circuit Court had ruled that 1818(i) did not apply to actions alleging a banking agency was exceeding its statutory authority.  The Supreme Court unanimously reversed and held 1818(i) precluded such challenges. *See, e.g.*, *DLG Fin. Corp.*, 29 F.3d at 999 ("Appellants argue that we should recognize an exception to the explicit command of § 1818(i)(1) and permit an action to enjoin the Board from acting beyond its statutory authority. In [*MCorp*], however, the Supreme Court rejected this very argument and held that a 'beyond the Board's statutory authority' exception to § 1818(i)(1) is not available.").

Thus, whether Ponte is an IAP and is liable are issues that will be adjudicated through the enforcement proceeding.  Ponte can seek review of any adverse FDIC Board determination from either the First or D.C. Circuit.  Section 1818(i) prohibits bypassing this process.

2. The Injunction Barring the FDIC from Relying on or Introducing Ponte's Financial Records into Evidence

Plaintiffs also ask for an injunction barring the agency from introducing or relying on their financial records in the administrative proceeding. ECF 30 at 18.  In other words, Plaintiffs ask this Court to act as the overseer of evidence admitted before the administrative tribunal.  But an injunction from this Court preventing the agency's introduction of evidence "affects" and

improperly interferes with FDIC proceedings.  12 U.S.C. § 1818(i)(1). Ponte should address any

evidentiary objections to the ALJ presiding over the enforcement case.

> 3.    An Injunction Preventing the Publication of the NOC

As set forth in the FDIC's opposition to Plaintiffs' motion for a temporary restraining

order, Section 1818(i) bars Plaintiffs' request for an injunction preventing publication of the

NOC (and presumably keeping the enforcement case in secret).  ECF 28.

The FDIC further notes that the injunction bears no logical relation to Plaintiffs' legal

arguments.  The statute does not provide that respondents in FDIC proceedings who are deemed

to be non-IAPs are entitled to draw a veil over the proceedings.  If the ALJ determines that Ponte

is not an IAP, she will dismiss him outright, not cloak the proceedings from public view.

Plaintiffs' attempt to avoid section 1818(i)(1) by requesting relief other than an outright

injunction against the proceeding is supported neither by the law nor by common sense.

## II.   THERE IS NO SUBJECT-MATTER JURISDICTION TO ISSUE FREE-STANDING DECLARATORY RELIEF AS TO PONTE'S IAP STATUS

Independent of Section 1818(i), this Court lacks subject-matter jurisdiction over Count I

of the Amended Complaint because (1) the APA does not support issuance of declaratory relief as

to whether Plaintiffs are IAPs, and (2) there is no private right of action under Section 1818.

Dismissal under Rule 12(b)(1) is warranted on these grounds as well.[4]

---

[4] The FDIC notes that the Notice of Charges does not name Greenwich as a respondent and does not characterize it as an IAP.  Greenwich has no standing to seek a declaratory judgment that it is not an IAP or an injunction against publication of the NOC, as the present NOC inflicts no injury on Greenwich, *see, e.g.*, *Morin v. Leahy*, 862 F.3d 123, 128 (1st Cir. 2017), and to the extent a later NOC may name Greenwich, that dispute is not presently ripe.  *See Labor Relations Div. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016) ("[A] claim is ripe only if the party bringing suit can show both that the issues raised are fit for judicial decision at the time the suit is filed and that the party bringing suit will suffer hardship if 'court consideration' is withheld."); *Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 847 (1st Cir. 1990) (alleged injury unripe when it is "contingent on

## A.        There is No Basis for the Declaratory Relief Under the APA.

The APA codifies the procedures and legal standards for judicial review of agency

actions, even where—as in the case of FISA—another statute establishes the right to judicial

review.  *See ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 282 (1987).  Two types of agency

actions are reviewable under the APA:  (1) those "made reviewable by statute" and (2) "final

agency action[s] for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

Plaintiffs' request for a declaratory judgment as to Ponte's IAP status does not fall under either

of these authorizations.  *See also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882

(1990) ("When, as here, review is sought not pursuant to specific authorization in the substantive

statute, but only under the general review provisions of the APA, the agency action in question

must be final agency action.").  Plaintiffs are not seeking review of an agency action made

reviewable by statute, nor are they seeking review of a final agency action.  Accordingly, the

APA does not provide basis to support declaratory relief as to Ponte's IAP status.

## B.        There is No Private Right of Action Under 12 U.S.C. § 1818 to Support the Declaratory Relief.

Given the absence of jurisdiction under the APA, Plaintiffs cannot invoke 12 U.S.C. §

1818 as the basis for their declaratory claims because that statute does not provide a private right

of action.  As a general rule of law, a plaintiff may sue only if some law grants him a cause of

action.  *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  A private right of action may be

explicitly provided by Congress, *Bonano v. E. Caribbean Airline Corp.*, 365 F.3d 81, 84 (1st Cir.

2004), or it may be implied by "'affirmative' evidence of congressional intent" to create a private

---

events that may not occur as anticipated or may not occur at all"). The following discussion
therefore addresses only Ponte.

remedy to enforce that right, *Alexander*, 532 U.S. at 293 n.8.  A count for declaratory judgment is not an independent basis for a lawsuit; there must be an underlying private right of action.  *See Narragansett Indian Tribe v. Rhode Island Dep't of Transp.*, 903 F.3d 26, 31 (1st Cir. 2018).  Here, there is neither an express or implied private right of action under 12 U.S.C. § 1818 in this Court.  To the contrary, Section 1818(i) divests this Court of jurisdiction.

Count I of the amended complaint seeking a declaration as to Ponte's IAP status is unsupported by the APA or by Section 1818.  This Court lacks subject-matter jurisdiction to issue the relief, even apart from Section 1818(i)'s jurisdictional bar.

## III.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE RIGHT TO FINANCIAL PRIVACY ACT.

Count II, which purports to allege a violation of the Right to Financial Privacy Act ("RFPA") and seeks declaratory, injunctive, and monetary remedies, fails as a matter of law against the FDIC, and should be dismissed under Rule 12(b)(6) for failure to state a claim.[5]

The simple reason why Count II is not actionable is that Congress exempted the FDIC from the RFPA, including its notice requirements.  12 U.S.C. § 3401(7).  The RFPA provides that it:

> shall not apply to the examination by or disclosure to any supervisory agency of financial records or information in the exercise of its supervisory, regulatory, or

---

[5] The amended complaint contains a glancing reference to the supposed denial of Plaintiffs' due process rights. ECF 30 ¶ 56(a).  There is no merit to any such claim. The Due Process Clause prohibits the deprivation of "life, liberty, or property, without due process of law," U.S. Const. amend. V, and any review by the FDIC of records pertaining to Plaintiffs when it examined Independence Bank did not deprive Plaintiffs of "life, liberty or property."  The FDIC is not aware of any precedent for the notion that "liberty" or "property" under the Clause entitles a bank customer whose financial records are held at a bank to prevent the bank's federal regulators from reviewing those records.  Indeed, courts have held just the opposite. *See, e.g., O'Brien v. DiGrazia*, 544 F.2d 543, 546 (1st Cir. 1976) (no due process right to withhold financial information from the government).  Absent a liberty or property interest, the Due Process Clause is not implicated. *See, e.g., Paul v. Davis*, 424 U.S. 693, 701 (1976).

> monetary functions, including conservatorship or receivership functions, with
> respect to any financial institution . . . .

12 U.S.C. § 3413(b); *Adams v. Bd. of Governors*, 659 F. Supp. 948, 955 (D. Minn. 1987)

("Essentially this exemption applies where a customer's financial records are disclosed by a

financial institution to a supervisory government agency which is exercising a specified function

vis-a-vis the financial institution."), *aff'd*, 855 F.2d 1336 (8th Cir. 1988).  Congress defined the

term "supervisory agency" to explicitly include the FDIC.  12 U.S.C. § 3401(7).  Thus, the

RFPA is inapplicable to actions taken by the FDIC in the exercise of its supervisory or regulatory

functions, including supervisory investigations.  *See FDIC v. Kansas Bankers Sur. Co.*, 732 F.

Supp. 103, 104 (W.D. Okla. 1990) ("[T]he FDIC argues that it is excepted from the notice

requirement by section 3413(b). . . .  The Court agrees."); *see also United States v. Davis*, 953

F.2d 1482, 1495-96 (10th Cir. 1992) (RFPA inapplicable where federal banking agencies acted

within supervisory capacities investigating individual's financial transactions); *Burke v. Bd. of

Governors of Fed. Reserve Sys.*, 940 F.2d 1360, 1368 (10th Cir. 1991) (same); *Adams*, 659 F.

Supp. at 955.

   The four corners of the Amended Complaint show there is no plausible RFPA claim

against the FDIC.  The FDIC acts as the primary federal regulator and supervisor of

Independence Bank.  ECF 30 ¶ 3 ("At all times relevant hereto, the FDIC, by and through its

Boston, Massachusetts Regional Office acts as the regulator for Defendant, Independence Bank .

. . .").  Plaintiffs expressly acknowledge that any obtainment of their financial records by the

FDIC occurred in the context of the agency's supervisory investigation of the Bank.  ECF 30 ¶

37 ("In or about July, 2022, the Plaintiffs, and each of them, upon information and belief, came

to learn that at *some point during the FDIC examination and/or investigation into IB* . . . the

FDIC unilaterally accessed and obtained certain banking and/or financial records of Plaintiffs . . .

.") (emphasis added).  That ends the matter.  Ponte alleges the FDIC accessed the financial documents in the course of its examination and/or investigation of the Bank, i.e., in its capacity as a "supervisory agency."  12 U.S.C. § 3413(b); 12 U.S.C. § 3401(7).  The RFPA claim is not actionable against the FDIC as a "supervisory agency."  Count II should be dismissed for failure to state a claim.  *See Ashcroft*, 556 U.S. at 678.

Not only is the RFPA inapplicable to the FDIC as a "supervisory agency," the Amended Complaint provides no grounds to sustain the punitive damages claim or provide RFPA standing for Greenwich.

First, Plaintiffs seek punitive damages, ECF 30 at 18, but do not allege facts sufficient to show "willful or intentional" conduct as required by the RFPA.  12 U.S.C. § 3417(a)(3).  A plaintiff's claim for punitive damages under the RFPA should be dismissed when it relies on conclusory allegations with insufficient factual support.  *See Hugler v. Chimes D.C.*, No. CV RDB-15-3315, 2017 WL 1176031, at *4, *7-*9 (D. Md. Mar. 30, 2017) (dismissing the actual and punitive damages component of a RFPA counterclaim because the court found there were insufficient facts in the pleading to warrant those remedies).  Here, Plaintiffs plead no facts showing entitlement to either punitive damages for the alleged RFPA violation.  Plaintiffs simply allege that the FDIC's conduct was "willful, wanton and intentional" and punitive damages are necessary as a deterrent.  ECF 30 at 18.  But even if "talismanic words 'willful' and 'intentional' appear in the . . . complaint . . . those allegations cannot satisfy plaintiffs' pleading burden." *Kelley v. FBI*, 67 F. Supp. 3d 240, 257 (D.D.C. 2014).  Under the RFPA, "[w]illfulness . . . [is] more than gross negligence" and "*so patently egregious and unlawful* that anyone undertaking the conduct should have known it unlawful."  *Flowers v. First Hawaiian Bank*, 295 F. Supp. 2d

1130, 1138 (D. Haw. 2003), *aff'd sub nom. Flowers v. U.S. Army, 25th Infantry Div.*, 179 F. App'x 986 (9th Cir. 2006) (emphasis added) (internal quotations omitted).

Second, Greenwich, a limited liability company, is not a "customer" as defined by and protected by the RFPA.   Plaintiffs admit that Greenwich is a "duly organized and existing limited liability company pursuant to the laws of the State of Rhode Island . . . ."  ECF 30 ¶ 2. The RFPA defines "person" as an "individual or a partnership of five or fewer individuals," and only a "person" can be a "customer" whose financial records are protected under the Act. *See* 12 U.S.C. §§ 3401(4)-(5), 3402.  As a result, Greenwich's claim should be dismissed for lack of standing.  *Hohman v. Eadie*, 894 F.3d 776 (6th Cir. 2018) (holding limited liability company "has no rights under the RFPA because it is not a 'person' who may qualify as a 'customer'"); *Bean LLC v. John Doe Bank*, 291 F. Supp. 3d 34, 48 (D.D.C. 2018) (same).

## IV.    THE BALANCE OF THE EQUITIES SUPPORTS DISMISSAL.

Finally, even if there were some ambiguity on the legal issues here (there is not), the balance of the equities supports dismissing this case and allowing Ponte's challenges to be heard in the proper forum—namely, the FDIC's enforcement proceeding.  *See MMJ Int'l Holdings Corp.*, 2022 WL 16855213, at *3 (considering balance of equities before granting motion to dismiss for lack of subject matter jurisdiction).  This case is a collateral attack on an ongoing FDIC enforcement action.  Congress has prohibited district courts from issuing the declaratory and injunctive remedies Plaintiffs seek, and provided instead for review in the courts of appeals upon the completion of those proceedings, *see* 12 U.S.C. § 1818(h)(2), and Plaintiffs identify no legal basis for exempting themselves from that appeal framework.

**CONCLUSION**

For the foregoing reasons, the FDIC respectfully requests that this case be dismissed for lack of subject matter jurisdiction and failure to state a claim.

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION
Andrew Dober
Senior Counsel

/s/ Erik Bond
Erik Bond
Counsel
3501 Fairfax Drive
Arlington, VA 22226-3500
Tel.: (703) 562-6477
Fax: (703) 562-2477
Email: erbond@fdic.gov

DATED:  March 1, 2023