UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JOHN C. PONTE and GREENWICH BUSINESS CAPITAL, LLC, formerly known as PONTE INVESTMENTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION and INDEPENDENCE BANK, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:23-cv-00018-MSM-LDA |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the plaintiffs' Motion for a Temporary Restraining Order (ECF No. 26) and the defendant, Federal Deposit Insurance Corporation's ("FDIC"), Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 31.) For the following reasons, the Court GRANTS the FDIC's Motion to Dismiss.

### I.   BACKGROUND

#### A. The FDIC

The FDIC is an agency with expansive power to enforce a variety of banking laws against regulated parties. *See* 12 U.S.C. §§ 1812(a), 1818. The FDIC additionally serves as a regulator of certain state-chartered banks. 12 U.S.C. §§ 1817(a), 1819, 1820(b).

1

Under Section 8 of the Federal Deposit Insurance Act, the FDIC can bring enforcement actions, known as "Section 8 proceedings," against institutions and affiliated parties that engage in unsafe and unsound practices or that violate banking laws or regulations. 12 U.S.C. § 1818. The FDIC initiates Section 8 proceedings with a Notice of Charges containing "a statement of facts constituting the alleged violation or violations or the unsafe or unsound practice or practices" and shall fix a time and place of an administrative hearing. § 1818(b)(1). The matter is then assigned to an Administrative Law Judge ("ALJ") who conducts the proceedings in accordance with the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, and the FDIC's Rules of Practice and Procedure, 12 C.F.R. Part 308. Pursuant to these rules, the ALJ has all powers necessary to conduct the proceeding including scheduling, issuing subpoenas, overseeing discovery, ruling on certain procedural matters, and ruling on the admissibility of evidence. 12 C.F.R. § 308.5.

Within 45 days after the expiration of time allowed for the filing of post-hearing submissions, the ALJ must issue a recommended decision and file with the FDIC's Administrative Officer the complete administrative record of the proceeding including recommended findings of fact, recommended conclusions of law, and a proposed order. 12 C.F.R. § 308.38. The parties may file exceptions to the ALJ's recommended decision within 30 days of issuance. 12 C.F.R. § 308.39. After the deadline passes for filing exceptions and the record is complete, the case is transmitted to the FDIC Board for a final decision within 90 days. 12 C.F.R. § 308.40.

Once the Board issues its final decision, a respondent may, within 30 days,

appeal the Board's final decision to the either the D.C. Circuit or the circuit where the bank's home office is located, here the First Circuit. 12 U.S.C. § 1818(h)(2). The court of appeals reviews the Board's final decision under the APA. *Id.* The APA confers upon the reviewing court the power to set aside agency action on a number of grounds, including as arbitrary or capricious, contrary to the Constitution or in excess of statutory authority. 5 U.S.C. § 706(2).

A district court's role with respect to this statutory scheme is quite limited. First, 12 U.S.C. § 1818(i)(1) permits the FDIC and other federal banking agencies to petition district courts for "the enforcement of any effective and outstanding notice or order issued [to an insured bank]" under Section 8 proceedings. Second, district courts have jurisdiction to review challenges by bank directors and institution-affiliated parties to the FDIC's temporary suspension of deposit insurance, an agency's issuance of an emergency temporary cease and desist order, or a temporary suspension of an institution-affiliated party while a proceeding is pending. 12 U.S.C. § 1818(a)(8)(D), (c)(2), (f). This case presents neither situation.

Other than those instances, "no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any [FDIC enforcement] notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order." 12 U.S.C. § 1818(i)(1).

B. The Instant Action

The plaintiff, John C. Ponte, is the sole member and manager of plaintiff Greenwich Business Capital, LLC (formerly known as Ponte Investments, LLC). The

plaintiffs originate potential loan applications for authorized United States Small Business Administration ("SBA") lenders. From 2015 through 2019, the plaintiffs originated potential SBA Small Loan Advantage 7(a) applications for defendant, Independence Bank ("the Bank").

The term "institution-affiliated party" ("IAP") is used throughout the pleadings and needs defining. Pursuant to 12 U.S.C. § 1813(u)(3) an IAP includes any person "who participates in the conduct of the affairs" of a bank. Section 1813(u)(4) also includes within the definition of IAP "any independent contractor" who knowingly or recklessly participates in any violation of law or regulation or unsafe or unsound practice "likely to cause more than a minimal financial loss to, or a significant adverse effect on," a bank.

The plaintiffs originally filed this action on January 12, 2023, and described an "ongoing FDIC inquiry and/ or examination into certain of the business conduct and/ or activities of [the Bank]," and stated that "in the midst of the FDIC's ongoing investigation into [the Bank], the FDIC was considering designating and/or identifying the Plaintiffs, or either of them, as an IAP of [the Bank]" and could "[purport] to assert its jurisdiction over the Plaintiffs" on that basis. (ECF No. 1 ¶¶ 7, 14.) The Complaint alleged that "[i]n late December, 2022, and, again, in early January 2023," the FDIC "indicated its intention to advance for consideration . . . Notice of Charges as against the Plaintiffs." *Id.* ¶ 22.

The plaintiffs sought a declaratory judgment that neither of the plaintiffs "constitute or can otherwise be identified or designated as an IAP of [the Bank]" and

4

that "the FDIC has no jurisdiction relative to the Plaintiffs." *Id.* at 7-8. Further, the plaintiffs sought to quash the FDIC's administrative subpoena seeking Ponte's testimony. (ECF No. 3.)

The FDIC then filed a Notice of Charges on February 10, 2023, naming Ponte as an IAP, and withdrew the administrative subpoena. The FDIC's Notice of Charges alleged that Ponte engaged in a pattern of misconduct in connection with Ponte's loan referral agreement with the Bank, from June 2017 through 2019.

The plaintiffs filed an Amended Complaint February 28, 2023. (ECF No. 30.) Through the Amended Complaint, the plaintiffs (1) seek a declaration that the plaintiffs are not IAPs of the Bank, (2) an injunction barring the FDIC from using the plaintiffs' financial records in the enforcement proceeding, and (3) an injunction prohibiting the FDIC from publishing the Notice of Charges against Ponte.

## II.  MOTION TO DISMISS STANDARD

The FDIC moves to dismiss primarily for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction … and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Here, the plaintiffs bear the burden of establishing this Court's subject matter jurisdiction over their claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998). A complaint must be dismissed under Rule 12(b)(1) where a plaintiff fails to meet this burden. *See* Fed. R. Civ. P. 12(b)(1).

5

The FDIC also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which requires a complaint to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  DISCUSSION

The primary question before the court is whether 12 U.S.C. § 1818(i)(1) divests this Court of subject matter jurisdiction to entertain the plaintiffs' claims for relief. Again, that statute provides:

> "[Except for reasons not relevant here] no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order."

### A.  The Plaintiffs' Request for a Declaration that Ponte is Not an IAP

The plaintiffs do not contest that § 1818(i)(1) precludes this Court from "affect[ing]" the administrative enforcement proceeding. Indeed, the Supreme Court has described this statutory language as "plain" and "preclusive." *Bd. of Governors of Fed. Rsrv. Sys. v. MCorp. Fin. Inc.*, 502 U.S. 32, 38 (1991). Instead, the plaintiffs argue that the Amended Complaint "makes no reference whatsoever to enjoin, impair, impede or otherwise interfere with the FDIC's prosecution of the Notice of Charges." (ECF No. 34-1 at 9.) In short, the plaintiffs believe they present a "separate and distinct" issue from the administrative enforcement proceeding and that a declaration that Ponte is not an IAP is only "tangentially related to the Notice of Charges." *Id.* at 9-10. The Court disagrees. The issue of whether Ponte is an IAP is an issue before the ALJ. Ponte can raise it in that forum and, if he disagrees with the finding, he can raise it with the FDIC Board and then the D.C. or First Circuit.

6

For the Court to adjudicate Ponte's IAP status would surely "affect" the enforcement proceedings because he would argue that this Court's ruling, if favorable to him, would necessitate dismissal of the Notice of Charges. Such an adjudication would contravene § 1818(i)(1).

The plaintiffs have not satisfactorily explained any other purpose that this declaration could have; that is, where Ponte's IAP status would have legal significance outside of the FDIC's enforcement action.

The plaintiffs also argue that § 1818(i)(1) should not apply because they filed this action before the FDIC filed the Notice of Charges against Ponte. This Court, however, is persuaded by other courts that have considered that question and have held that § 1818(i)(1) prohibits interference with anticipated as well as ongoing enforcement proceedings. *See, e.g.*, *DeNaples v. OCC*, 404 F. App'x 609, 613 (3d Cir. 2010) (rejecting the argument that § 1818(i)(1) is limited to "agency proceedings outstanding at the time that the action is commenced" and instead "imposes an expansive prohibition, stripping federal courts of jurisdiction whenever a determination could affect an agency decision"); *Groos Nat'l Bank v. OCC*, 573 F.2d 889, 895 (5th Cir. 1978); *Am. Fair Credit Ass'n v. United Credit Nat'l Bank*, 132 F. Supp. 2d 1304, 1307, 1312 (D. Colo. 2001) ("Prior to the Consent Orders, Plaintiff filed the initial complaint in this action on February 24, 2000 …. Because such an outcome would 'affect … the … enforcement of an order' issued by the OCC, 12 U.S.C. § 1818(i)(1), jurisdiction does not exist over [Plaintiff's] claims.").

For the same reason, plaintiff Greenwich Business Capital (f/k/a Ponte

Investments) cannot seek the same declaratory or injunctive relief even though it is not listed in the Notice of Charges. Such relief would affect any potential Amended Notice of Charges naming it as a respondent. Moreover, to the extent there is not a substantial likelihood the FDIC would amend the Notice of Charges, there is no case or controversy and any decision by this Court would be the impermissible issuance of an advisory opinion. *See Carney v. Adams*, 141 S. Ct. 493, 498 (2020).

Similarly, the Court must dismiss the claims against the Bank. With those claims the plaintiffs seek a declaration regarding their prior business relationship with the Bank—primarily that the plaintiffs were not an IAP of the Bank. Any such ruling by this Court would surely "affect" the enforcement action in contravention of § 1818(i)(1).

Finally, the plaintiffs point to *Burgess v. FDIC*, 2022 WL 17173893 (N.D. Tex. Nov. 6, 2022), where the court read into § 1818(i)(1)'s language an exception for "exogenous" structural constitutional claims. At best, this case is distinguishable because the plaintiffs here have not raised such constitutional claims and instead have only has raised the statutory argument that Ponte is not an IAP of the Bank.

### B. The Plaintiffs' Request for an Injunction Barring FDIC from Relying on or Introducing Ponte's Financial Records

The plaintiffs also make a prayer for injunctive relief barring the FDIC from introducing or relying on their financial records in the enforcement proceeding. An injunction from this Court preventing the FDIC's introduction of evidence admitted before the administrative tribunal "affects" the conduct of the FDIC proceedings, which this Court cannot do. *See* 18 U.S.C. § 1818(i)(1).

8

### C. The Plaintiffs' Request for an Injunction Preventing the Publication of the Notice of Charges

The plaintiffs' claim for a preliminary injunction prohibiting the Notice of Charges is also precluded by § 1818(i)(1). The FDIC did not initiate the proceeding under seal and to require it to do so would "modify" or "affect" the proceeding. *See* § 1818(i)(1).

### D. The Plaintiffs' Claim Under the Right to Financial Privacy Act

The FDIC moves pursuant to Rule 12(b)(6) to dismiss the plaintiffs' Right to Financial Privacy Act ("RFPA") claim, found in Count II of the Amended Complaint. But Congress exempted the FDIC from the RFPA. The RFPA provides that it:

> shall not apply to the examination by or disclosure to any *supervisory agency* of financial records or information in the exercise of its supervisory, regulatory, or monetary functions, including conservatorship or receivership functions, with respect to any financial institution ….

12 U.S.C. § 3413(b) (emphasis added).

Congress explicitly included the FDIC in the definition of the term "supervisory agency." 12 U.S.C. § 3401(7).

Here, the plaintiffs have acknowledged that any obtaining of their financial records by the FDIC occurred in the context of the FDIC's supervisory investigation of the Bank. *See* ECF No. 30 ¶ 37 ("[I]n or about July, 2022, the Plaintiffs, and each of them, upon information and belief, came to learn that at some point during the FDIC examination and/or investigation into [the Bank] … the FDIC unilaterally accessed and obtained certain banking and/or financial records of Plaintiffs …."). In other words, the plaintiffs allege that the FDIC accessed the financial documents in

9

its capacity as a "supervisory agency." 12 U.S.C. § 3413(b); 12 U.S.C. § 3401(7). As such, the RFPA claim is not actionable against the FDIC.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the FDIC's Motion to Dismiss (ECF No. 31). The dismissal of the plaintiffs' RFPA claim, being pursuant to Rule 12(b)(6) is with prejudice. The dismissal of the remainder of the complaint, being on jurisdictional grounds pursuant to Rule 12(b)(1), is without prejudice.

The plaintiffs' Motion for a Temporary Restraining Order (ECF No. 26) is DENIED AS MOOT.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

March 27, 2023